UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRIAN WORTHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00226-GZS |
| | ) | |
| LNU, CINDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Brian Worthley alleges a violation of his constitutional rights based on the medical treatment that he received while an inmate at the Windham Correctional Center. Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2), which application the Court granted (ECF No. 3).

In accordance with the *in forma pauperis* statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, because Plaintiff is an inmate, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  29 U.S.C. § 1915A(a).

As explained below, following the preliminary review and screening, the recommendation is that the Court dismiss Plaintiff's complaint without service on Defendants.

**Factual Background**

In his complaint, Plaintiff asserts the following: Plaintiff is incarcerated at the Maine Correctional Center in Windham.  (Complaint ¶ 3.)  Plaintiff has degenerative disk disease, which causes severe neck and back pain, and numbness and loss of sensation due to nerve impingement.

(*Id.* ¶ 13.)  Plaintiff has received medical attention at the Correctional Center from Defendant George Stockwell, including on April 2, 2015.  (*Id.* ¶ 14.)  Plaintiff has also received medical attention from Defendant Robert Clinton MD, who "seemed sincere about helping Plaintiff" on September 23, 2014.  (*Id.* ¶ 15.)

According to Plaintiff, "Defendant Robert Clinton's action(s) during plaintiff's chronic pain and hypertension treatment will show through discovery that defendant Robert Clinton violated [the Eighth] Amendment of the US Constitution and/or constitutes a tort claim under color of state law."  (*Id.* ¶ 18.)  Plaintiff makes the same assertion against Defendant Stockwell, Defendant Cindy McDonough, and Defendant Wendy Riebe.  (*Id.* ¶¶ 19 – 21.)

Plaintiff also claims that Defendant Nathan Thayer violated the Fourteenth Amendment based on "action(s) or inaction(s) after the plaintiff briefed him about the flagrant practices of D.O.C. staff and medical."  (*Id.* ¶ 22.)  Plaintiff makes similar allegations against Defendants Scott Landry and Kim Robins.  (*Id.* ¶¶ 24, 25.)  Plaintiff also alleges that Defendant Denise Shipman violated his rights during the grievance process.  (*Id.* ¶ 23.)  With respect to each Defendant, Plaintiff seeks to recover between $500 and $10,000, plus an additional $20,000 in punitive damages, due to the physical pain and mental suffering he has endured.  (*Id.* ¶¶ 27 – 41.)

## Standard of Review

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section

1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). Similarly, a lawsuit by a prisoner against a governmental entity and its officers is subject to dismissal, *sua sponte*, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14 (2007)).

## Discussion

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  "From this brief amendment, courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded."  *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).  "Undue

suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Id.* (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).[1]

To succeed on a claim of inadequate or delayed medical care, a plaintiff must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011). The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, *Inc.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference

---

[1] As stated in *Estelle*:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the [Eighth] Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.

429 U.S. at 103-04 (internal quotation marks and citation omitted).

analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Deliberate indifference must be distinguished from negligence. As the First Circuit explained:

> A finding of deliberate indifference requires more than a showing of negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987). A plaintiff claiming an eighth amendment violation with respect to an inmate's serious mental health or safety needs must allege "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at 106; *see also Cortes-Quinone v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988). Although this court has hesitated to find deliberate indifference to a serious need "[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment," *Sires*, 834 F.2d at 13, deliberate indifference may be found where the attention received is "so clearly inadequate as to amount to a refusal to provide essential care."

*Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991).

Based on a review of Plaintiff's allegations, Plaintiff is apparently dissatisfied with the medical attention that he received at the Windham Correctional Center. Plaintiff, however, fails to assert facts that would support a finding that Defendants were deliberately indifferent to his medical needs. Instead, Plaintiff merely alleges that discovery will reveal a constitutional deprivation. Plaintiff's complaint thus consists of nothing more than conclusory allegations. Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

Plaintiff, therefore, has failed to state a claim based on the quality of the medical care that he received.

To the extent that Plaintiff seeks to assert a claim against Defendants who were not involved in his medical care, Plaintiff must also allege facts that could support the inference "that his … constitutional injury 'resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'"   *Ocasio–Hernandez v. Fortuno–Burset,* 640 F.3d 1, 16 (1st Cir. 2011) (quoting *Rodríguez–García v. Miranda–Marín,* 610 F.3d 756, 768 (1st Cir. 2010)).   For example, Plaintiff has asserted a claim against Nathan Thayer, whom Plaintiff identifies as a sergeant at the Maine Correctional Center (Complaint, ¶ 9). Plaintiff seeks to impose liability on Defendant Thayer based on Defendant Thayer's "action(s) or inaction(s) after the plaintiff briefed him about the flagrant practices of D.O.C. staff and medical." (*Id.* ¶ 22.)  Because Plaintiff has failed to provide any factual support for his claim against either medical personnel or corrections personnel, he has similarly failed to assert facts sufficient to sustain a claim against Defendant Thayer based on his alleged failure to take action to address the conduct of others.   The fact that Plaintiff notified Defendant Thayer of his complaints related to staff and medical, without more, does not state a plausible claim of a constitutional violation.  *E.g.*, *Jaundoo v. Clarke*, 783 F. Supp. 2d 190, 204-05 (D. Mass. 2011).

Finally, the mere denial of relief on review of a prisoner grievance is insufficient to establish liability on the part of the grievance review officer.  *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999) (holding that the denial of administrative grievances and the failure to remedy the alleged retaliatory behavior do not give

rise to liability absent evidence of direct participation, encouragement, authorization, or acquiescence in the alleged violation). In this case, referencing the grievance process, Plaintiff alleges that discovery will demonstrate that Defendant Shipman violated the Fourteenth Amendment. (Complaint, ¶ 23.) Plaintiff's allegation contains no facts to suggest that his claim is based upon anything other than the denial of his grievance. As explained above, the mere denial of a grievance is insufficient to support a claim. Plaintiff, therefore, has failed to state a claim against Defendant Shipman.

### Conclusion

Based on the foregoing analysis, following a review pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, I recommend that the Court dismiss Plaintiff's complaint.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of June, 2015.